UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20137-CR-GRAHAM/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KARLS MONZON,
ONELIO DIAZ,
JEFFREY BOATWRIGHT, and
CINNAMON MONZON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON BRINK'S INCORPORATED'S PETITION FOR RETURN OF FORFEITED PROPERTY

This matter is before the Court on Brink's Incorporated's Petition for Return of Forfeited Property pursuant to 21 U.S.C. § 853(n). [D.E. 185]. The Honorable Donald L. Graham referred this matter to the undersigned Magistrate Judge for report and recommendation. [D.E. 189]. Brink's Incorporated is seeking a hearing to adjudicate the validity of its interest in a $7.4 million money judgment[1] that was ordered forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1). [D.E. 114, 173, 175]. Following the government's publication of notice of its intent to dispose of the forfeited property, Brink's timely filed its Petition

---

[1] According to the affidavit attached to the Petition, $7.4 million in U.S. currency was stolen at gunpoint from a Brink's armored car crew on November 6, 2005. Brink's alleges that the stolen currency is the property of its customers.

claiming an interest in the property and requesting a hearing in order to adjudicate the validity of that interest.

In its Response to Brink's Petition, the United States advises that it has not collected on the $7.4 million money judgment and that the $7.4 million is not specifically in the hands of the government. [D.E. 193 at 1]. Therefore, the property specifically sought for return by Brink's does not exist. [*Id.*]. However, the United States advises that certain funds stolen from Brink's and specifically listed in its Response *are* currently in its possession. [*Id.* at 1-2, items (a) - (g)].

The United States acknowledges that Brink's has superior right, title, and interest in those stolen funds. [*Id.* at 2]. Accordingly, the United States indicates its willingness to return those funds to Brink's pursuant to court order. A proposed order was attached to the government's Response [D.E. 193-2] and is appended to this Report and Recommendation and incorporated herein. In light of the foregoing, the United States suggests there is no need for a hearing to adjudicate Brink's interest in the property nor for the joint status report previously ordered by this Court. We agree.

Based on the foregoing, the undersigned Magistrate Judge does hereby

**RECOMMEND** that Brink's Incorporated's Petition for Return of Forfeited Property [D.E. 185] be **GRANTED** as follows:

1.   That the Court find that the interest of Brink's Incorporated in the funds identified in the United States' Response to Petition for Return of Forfeited

Property [D.E. 193 at 1-2, items (a) - (g)] is superior to that of the United States within the meaning of 21 U.S.C. § 853(n)(6)(A).

2.  That the funds identified in paragraph 1, above, be returned to Brink's Incorporated as expeditiously as possible.

3.  That the other property ordered forfeited and identified in the proposed order attached to the United States' Response [D.E. 193-2 at 2, items (h) - (o)] and specifically incorporated herein be forfeited to the United States, and that duly authorized law enforcement officers be directed to dispose of the forfeited property in accordance with the law.

4.  That the Court enter an Order in substantially the same form as that proposed by the United States [D.E. 193-2].

Pursuant to Local Magistrate Rule 4(b), the parties have ten days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Judge. *See* S.D. Fla. Local Mag. Rule 4. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

Case No. 06-20137-CR-GRAHAM/TORRES

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 21 day of January, 2009.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge

AWL:awl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20137-CR-GRAHAM

UNITED STATES OF AMERICA,

v.

KARLS MONZON,
ONELIO DIAZ,
JEFFREY BOATWRIGHT, and
CINNAMON MONZON,

        Defendants.
_____/

**ORDER DECLARING RIGHT, TITLE AND INTEREST OF
BRINK'S INCORPORATED, IN CERTAIN ITEMS OF FORFEITED PROPERTY,
SUPERIOR TO INTEREST OF UNITED STATES, DIRECTING RETURN OF
SUPERIOR TO THE SAID OTHER IN THE BRINKS INCORPORATED, RELEASE OF
AND DIRECTING FORFEITURE OF REMAINING ITEMS TO UNITED STATES**

THIS CAUSE, having come before the Court, based on the response of the United States to Brink's Incorporated's Petition for Return of Forfeited Property, and the Court having reviewed the record and being fully advised in the premises, it is hereby:

ORDERED and ADJUDGED that the interest of Brink's Incorporated in the following items is superior to that of the United States within the meaning of 21 U.S.C. §853(n)(6)(A):

    (a)    $80,200 cash seized on or about February 18, 2006, at 14787 SW 141 Terrace, Miami, Florida 33196 [DE #177];

    (b)    $5,100 cash seized on or about February 17, 2006, at 4402 SW 129 Avenue, Miami, Florida [DE #182];

    (c)    $60,000 cash seized on or about February 17, 2006, from a 2001 Honda, Florida Tag #W82GWT [DE #183];

(d)  $1,608 cash seized on or about February 17, 2006, from Defendant Karls Monzon [DE #178];

(e)  $900 cash seized on or about February 17, 2006, from Defendant Onelio Diaz [DE #179];

(f)  $818,300 cash seized on or about May 13, 2006, at 19030 SW 264th Street [DE #181]; and

(g)  $206,610 cash seized on or about May 13, 2006, at 14787 SW 141st Terrace, Miami, Florida [DE #180].

It is further

ORDERED and ADJUDGED that, the United States shall return said items to Brink's Incorporated as expeditiously as possible. It is further

ORDERED and ADJUDGED that the remaining items, specifically:

(h)  6 watches (5 "Patex" and 1 Rolex), seized on or about February 17, 2006, from 4402 SW 129 Avenue, Miami, Florida;

(I)  Deleted;

(j)  1993 Lexus, Vin #JT8JS47E3P0050438, Florida Tag D74PU;

(k)  a Smith & Wesson .50 caliber sniper rifle, serial number CJP 5222, with a M-6 tactical laser illuminator and 20 rounds of ammunition, seized February 17, 2006;

(l)  Glock 17 9mm semi-automatic pistol, serial number HSR025, seized February 17, 2006;

(m)  Glock 26 9mm semi-automatic pistol, serial number HSZ309, with 18 rounds of ammunition, seized February 17, 2006;

(n)  Vulcan AR-15 .223 caliber semi-automatic rifle, serial number P008278, with scope

and 20 rounds of ammunition; seized February 17, 2006; and

(o)   Ruger 9mm semi-automatic pistol, seized on February 17, 2006

are forfeited to the United States.  Duly authorized law enforcement agents are directed to dispose of the forfeited property in accordance with the law.

DONE and ORDERED at Miami, in Chambers, this _____ day of January, 2009.

_____
DONALD L. GRAHAM
United States District Judge